IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN NGUYEN,
    Plaintiff,

v.      CIVIL ACTION NO. 19-CV-2551

COMMONWEALTH OF PA, *et al.*,
    Defendants.

## MEMORANDUM

SLOMSKY, J.      JULY 29, 2019

    Plaintiff Susan Nguyen, who is representing herself (proceeding *pro se*), filed a Complaint against the Commonwealth of Pennsylvania, the Pennsylvania Human Relations Commission ("PHRC"), and the Pennsylvania Commonwealth Court. She seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Nguyen leave to proceed *in forma pauperis* and dismiss her Complaint with prejudice.

### I.     FACTS[1]

    The basis for Nguyen's claims appears to be criminal proceedings initiated against her after she lost her job. Nguyen was terminated from employment with Fox Rothschild in November of 2014. It appears she had difficulty accepting the termination, and repeatedly called the Chief Financial Officer and others for an explanation. She also repeatedly visited the premises of her former employer.

---

[1] The following facts are taken from the Complaint, documents attached to the Complaint, and matters of public record.

1

Nguyen's former employer and several individual employees obtained a restraining order against Nguyen. However, she violated that order. Since 2016, she has been held in contempt of court and subjected to various criminal charges including stalking and harassment stemming from her refusal to stop contacting her former employer and individuals employed there. *See Commonwealth v. Nguyen*, Docket Nos. MC-51-MD-0000460-2016, MC-51-CR-0001032-2018, MC-51-CR-0002188-2018, MC-51-CR-0007406-2018. Nguyen has been referred for competency evaluations in connection with her criminal cases. A copy of a state court order attached as an exhibit to Nguyen's Complaint, reflects that she was found incompetent and committed to Norristown State Hospital for a period of time.[2] (Compl. at 25.)[3]

In her Complaint in the instant civil action Nguyen claims that she lives "in bondage, in fear of [her] freedom taken because [she is] unable to follow a stay away order for no contact no communication with [her] previous employer to seek guidance and assistance to steer away from harms stay away from prison." (*Id..* at 6.) She appears to be claiming that her rights have been and continue to be violated as a result of the stay away order, the charges filed against her, and related imprisonment.

Nguyen indicates that she is bringing constitutional claims pursuant to 42 U.S.C. §1983 for violation of her First, Sixth, and Fourteenth Amendment rights. She also purports to be

---

[2] The Court recognizes its obligation under Federal Rule of Civil Procedure 17(c)(2) to protect an "incompetent person who is unrepresented in an action." Even if Nguyen is not competent, the Court may still conduct a screening under § 1915(e) consistent with Rule 17. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) ("In the context of unrepresented litigants proceeding *in forma pauperis,* this inquiry [under Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)."); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (per curiam) ("Because, as discussed below, we agree that the District Court properly dismissed the complaint under the screening provisions, it did not abuse its discretion by not appointing a guardian to protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c).").

[3] The Court adopts the pagination applied to the Complaint by the CM-ECF system.

raising claims under the Privacy Act and the Freedom of Information Act ("FOIA"). Although it is not entirely clear what relief Nguyen seeks from the Court, papers attached to her Complaint suggest that she wants the Commonwealth to stop prosecuting her and for the Court to vacate the stay away order.

This is not the first lawsuit Nguyen has filed based on the restraining order and criminal charges issued against her for repeatedly contacting her former employer. In 2016, Nguyen filed a lawsuit pursuant to 42 U.S.C. § 1983, against then District Attorney Seth Williams in his official capacity, the Philadelphia County Court of Common Pleas, and the Philadelphia Municipal Court, raising claims based on several of the same matters discussed in the instant civil action. *See Nguyen v. Williams*, Civ. A. No. 16-829 (E.D. Pa.). In a June 21, 2016 Memorandum and Order, the Court dismissed Nguyen's case. The Court explained that the state courts were not subject to liability under § 1983 and that, in any event, this Court could not intervene in state criminal proceedings. The Court also concluded that Nguyen's claims against Williams in his official capacity failed because she failed to allege a basis for municipal liability or state a claim for malicious prosecution. *See Nguyen v. Williams*, Civ. A. No. 16-0829, 2016 WL 3405461, at *1 (E.D. Pa. June 21, 2016). Nguyen moved for reconsideration, and her motion was denied.

## II. STANDARD OF REVIEW

The Court will grant Nguyen leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. As Nguyen is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) apply, which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67

3

F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Nguyen is proceeding *pro se*, the Court must construe her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Nguyen's Complaint does not present a legal basis for a claim. To bring suit under § 1983, a plaintiff must allege that a person acting under color of state law deprived her of her constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988). State courts in Pennsylvania are not considered "persons" for purposes of § 1983 and, in any event, are entitled to Eleventh Amendment immunity from suit in federal court because they are institutions of the Commonwealth. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also* 42 Pa. Cons. Stat. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). Similarly, "[t]he PHRC is an administrative commission within the executive department of the Commonwealth of Pennsylvania and, as such, it shares in the Commonwealth's Eleventh Amendment immunity."

4

*Opoku v. Educ. Comm'n for Foreign Med. Graduates*, 574 F. App'x 197, 201 (3d Cir. 2014) (per curiam).

In any event, this Court may not intervene in Nguyen's state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x 756, 758-59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate."). Any claims under the Privacy Act or FOIA also fail for lack of a legal basis because those statutes do not apply to state agencies. *See* 5 U.S.C. §551(1) (defining "agency" for purposes of FOIA as certain authorities of the United States government); *Abuhouran v. Soc. Sec. Admin.*, 291 F. App'x 469, 473 (3d Cir. 2008) (per curiam) ("The District Court also properly granted the state defendants' motion to dismiss. State actors cannot be sued under the Privacy Act."). Regardless, it is not clear what the factual basis for those claims would be.

Furthermore, at least some portion of Nguyen's claims are barred by claim-preclusion, or *res judicata*. The doctrine of *res judicata* bars claims that were brought or could have been brought in a previous action. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Three elements are required for *res judicata* to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). A dismissal with prejudice counts as a final judgment on the merits, even if the Court fails to reach the merit of the claims. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits." (internal quotations

omitted)). To the extent Nguyen is repeating or broadening claims addressed in her prior lawsuit, which was dismissed, those claims are barred by *res judicata.*

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Nguyen's Complaint. As Nguyen cannot cure the above defects, she will not be given leave to amend. An appropriate Order follows.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.